Filed 10/7/15  P. v. Golden CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C077539 |
| Plaintiff and Respondent, | (Super. Ct. No. SF124912A) |
| v. | |
| DARREL GOLDEN, | |
| Defendant and Appellant. | |

FACTS

Defendant Darrel Golden was a fourth grade teacher at Anthony Traina School. On November 28, 2012, Augustin Melchor, the school's maintenance supervisor, was working in defendant's classroom when he saw defendant grab the buttocks of one of his female students. Defendant squeezed her there for about eight to 10 seconds.

A. B. was born in May 2003. Defendant was her fourth grade teacher and would tutor her after school. During the tutoring sessions, defendant would place his hand on her buttocks, underneath her pants but on top of her underwear. Once he put her hand on

1

"his private spot." During the incident seen by Melchor, defendant touched A. B. on her "private spot in the front" and underneath her underwear. Defendant told A. B. and other girls that he loved them and would marry them.

Once, A. B. saw defendant touch her friend O. V.; O. V.'s pants were unzipped and defendant was touching her "private spot." O. V. was born in July 2003. Defendant taught her during the first half of the school year. He would touch her under her clothes and on her "front private parts" with his hand. It took place in the classroom during and after class. He also touched her buttocks during class and after lunch, but not after school. Defendant told her not to tell anyone or she would get into trouble.

I. M. was born in February 2002 and defendant was her fourth grade teacher. During class, he patted her on the buttocks a lot and would call her "babe," a nickname he used for all the girls. She told him to stop after a month, but defendant started again after two months. She saw defendant touch other children in the class.

Defendant pled guilty to four counts of lewd acts on a child under the age of 14. The trial court sentenced defendant to a stipulated term of 14 years in state prison, imposed various fines and fees, and awarded 272 days of presentence credits (236 actual and 36 conduct).

Defendant appeals. The trial court granted his request for a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief. He first contends that his retained trial counsel had agreed to represent him on appeal, but counsel has not responded to his inquiries regarding the appeal, essentially abandoning him after sentencing.[1] He also claims that while he was incarcerated at county jail, trial counsel told him there might be a conflict of interest, as the families of the complaining witnesses had, in preparation for a civil suit, retained attorneys that his trial counsel had used. He further claims that counsel was on vacation each time defendant's wife called him, and that he and counsel would go over the same information every time they met. Defendant also alleges counsel kept having defendant's case put off while counsel treated other cases as being more important than his. By the time of the plea, defendant lost all confidence in his counsel and did not know what to do.

Construing these claims as allegations of ineffective assistance of counsel, we find no support for them in the record. Since defendant's ineffective assistance claims rely on matters outside the record, his claim is better decided in a habeas corpus proceeding than on appeal. (*People v. Michaels* (2002) 28 Cal.4th 486, 526.) We therefore decline to reach the merits of his claims.

Defendant also claims he was pressured to enter the no contest plea by the prosecutor's repeated reference to the multiple life terms he potentially faced and a comment by a local newspaper that a deal was going to be made in his case. Once again, this relies on matters outside the record, so we decline to address them.

Finally, defendant contends he had been promised that he would receive "2 for 1 credit served for presentencing" rather than the "1 for 1" he got. He additionally claims that he was not told that his case was violent and that he was not a violent person.

---

[1] Defendant is represented by appointed counsel on appeal.

Penal Code[2] section 2933, subdivision (a) limits conduct credits to 15 percent for defendants convicted of a felony listed in section 667.5, subdivision (c). Section 667.5, subdivision (c) lists the violent felonies, which include violations of section 288, subdivision (a). Defendant's plea agreement states he would receive presentence conduct credits equal to 15 percent of his presentence incarceration. California law does not allow for two days of presentence credit for every day served, and there is no evidence that defendant was promised any additional actual or conduct credits other than what he was entitled to. His claim is therefore without merit.

There is an error in the calculation of conduct credits. The trial court awarded 36 days of conduct credits, which it calculated as 15 percent of defendant's 236 days of presentence custody. In calculating conduct credits, there is no rounding up. (See *People v. Ramos* (1996) 50 Cal.App.4th 810, 815-816 [defendant entitled to "greatest whole number of days," which does not exceed 15 percent].) Fifteen percent of 236 is 35.4. Dropping the fraction as required by law, defendant was entitled to 35 days of conduct credit rather than 36. We shall modify the award of conduct credits accordingly.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to decrease conduct credits to 35 days pursuant to section 2933.1, for a total of 271 days of presentence custody credits. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy of

---

**2** Undesignated statutory references are to the Penal Code.

the amended abstract to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


/s/_____
Robie, J.

We concur:


/s/_____
Blease, Acting P. J.


/s/_____
Butz, J.